```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Osahenrumwen Ojo

    v.                                    Civil No. 14-cv-404-JD

Joseph C. Lorenzo and
Manchester Police Department


**REPORT AND RECOMMENDATION**

Before the court is a complaint (doc. no. 1) filed by Osahenrumwen Ojo, an inmate proceeding pro se, pursuant to 42 U.S.C. § 1983 and state law.  The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

**Standard**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723

F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**Background**

Ojo alleges that on May 9, 2010, he was stopped, pat-frisked, and questioned by Manchester Police Department ("MPD") Officer Joseph Lorenzo.  Shortly thereafter, Ojo claims that MPD officers falsely arrested and imprisoned him on felony charges which the state ultimately declined to prosecute against him.

Attached to Ojo's complaint is a decision of the New Hampshire Supreme Court, Ojo v. Lorenzo, No. 2013-0843 (N.H. May 15, 2014).  That decision affirms the grant of summary judgment against Ojo in a lawsuit, filed in state court pursuant to § 1983, that appears to be asserted against the defendants named here, alleging essentially the same claims asserted here, based on the events complained of in this action.

**Discussion**

The Rooker-Feldman doctrine holds that, as a general rule, federal district courts should not sit in direct review of state court decisions.  See D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).  The

Rooker-Feldman doctrine divests this court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Ojo's claims here, asserted under both federal and state law, seek the reversal by this court of decisions made by the state courts, in a civil proceeding that has now ended, denying him relief. All of the claims in the complaint are thus barred by the Rooker-Feldman doctrine, and accordingly, this court lacks jurisdiction over the case.

## Conclusion

For the foregoing reasons, the court recommends that the district judge dismiss this action for want of jurisdiction. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57

(1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

                                                                                                           _____
                                                                                                           Andrea K. Johnstone
                                                                                                          United States Magistrate Judge

November 19, 2014

cc:   Osahenrumwen Ojo, pro se